UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 13-20152-CR-COOKE

UNITED STATES OF AMERICA

vs.

WESLY COMPERE,

    **Defendant.**

_____/

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida ("this Office") and WESLY COMPERE (hereinafter referred to as the "defendant") enter into the following agreement:

1. The defendant agrees to plead guilty to counts 1 and 3 of the indictment, which counts charge the defendant with access device fraud and aggravated identity theft in violation of Title 18, United States Code, Sections 1029 and 1028A.

2. This Office agrees to seek dismissal of counts 2, 4 and 5 of the indictment, as to this defendant, after sentencing.

3. The defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered.

1

The defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offenses identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

4. The defendant also understands and acknowledges that the Court must impose a mandatory term of imprisonment of 2 years as to count 3 and may impose a statutory maximum term of imprisonment of up to 10 years, as to count 1, followed by a term of supervised release of up to 3 years. These sentences of imprisonment must be run consecutively, for a total sentence of up to 12 years imprisonment. In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $250,000 and may order restitution, for each count.

5. The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 4 of this agreement, a special assessment in the amount of $200 will be imposed on the defendant. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing. If a defendant is financially unable to pay the special assessment,

the defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reasons for the defendant's failure to pay.

6. This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

7. This Office agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the defendant's offense level is determined to be 16 or greater, this Office will file a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. This Office further agrees to recommend that the defendant be sentenced at the low end of the guideline range, as that range is determined by the Court. This Office, however, will not be required to make this motion and these recommendations if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct;

(2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

8. The defendant agrees that he shall cooperate fully with this Office by: (a) providing truthful and complete information and testimony, and producing documents, records and other evidence, when called upon by this Office, whether in interviews, before a grand jury, or at any trial or other Court proceeding; (b) appearing at such grand jury proceedings, hearings, trials, and other judicial proceedings, and at meetings, as may be required by this Office; and (c) if requested by this Office, working in an undercover role under the supervision of, and in compliance with, law enforcement officers and agents. In addition, the defendant agrees that he will not protect any person or entity through false information or omission, that he will not falsely implicate any person or entity, and that he that he will not commit any further crimes.

9. This Office reserves the right to evaluate the nature and extent of the defendant's cooperation and to make that cooperation, or lack thereof, known to the Court at the time of sentencing. If in the sole and unreviewable judgment of this Office the defendant's cooperation is of such quality and significance to the investigation or prosecution of other criminal matters as to warrant the Court's downward departure from the advisory sentencing range calculated under the Sentencing Guidelines and/or any applicable minimum mandatory sentence, this Office may make a motion prior to sentencing pursuant to Section 5K1.1 of the Sentencing Guidelines and/or Title 18, United States Code, Section 3553(e), or subsequent to sentencing pursuant to Rule 35 of the Federal Rules of Criminal Procedure, informing the Court that the defendant has provided

4

substantial assistance and recommending that the defendant's sentence be reduced. The defendant understands and agrees, however, that nothing in this agreement requires this Office to file any such motions, and that this Office's assessment of the quality and significance of the defendant's cooperation shall be binding as it relates to the appropriateness of this Office's filing or non-filing of a motion to reduce sentence.

10. The defendant understands and acknowledges that the Court is under no obligation to grant a motion for reduction of sentence filed by this Office. In addition, the defendant further understands and acknowledges that the Court is under no obligation of any type to reduce the defendant's sentence because of the defendant's cooperation.

11. This Office and the defendant agree that, although not binding on the probation office or the Court, they will jointly recommend that the Court make the following findings and conclusions as to the sentence to be imposed:

(1). <u>Number of Victims</u>: That the offense involved 50 or more victims, but less than 250 victims and that the defendant should receive a specific offense enhancement of 4 points under Section 2B1.1(b)(2)(b) of the Sentencing Guidelines.

12. The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, this Office, or the probation office, is a prediction, not a promise, and is not binding on this Office, the probation office or the Court. The defendant understands further that any recommendation that this Office makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The

defendant understands and acknowledges, as previously acknowledged in paragraph 3 above, that the defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, this Office, or a recommendation made jointly by the defendant and this Office.

13. As a result of the offense alleged in Count 1 of the Indictment, the defendant further agrees to forfeit to the United States voluntarily and immediately all of his right, title and interest to any personal property used or intended to be used commit the offense, pursuant to 18 U.S.C. § 1029(c)(1)(C), and any property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as the result of such violation, pursuant to 18 U.S.C. § 982(a)(2)(B). The defendant specifically agrees to the entry of a personal money judgment in the sum of **$284,259.62** in United States currency, which sum represents proceeds the defendant derived from the offense. In partial satisfaction of the order of forfeiture entered in this case, the defendant further agrees to forfeit to the United States, voluntarily and immediately, all of the defendant's right, title and interest in the following property, and acknowledges that said property is subject to forfeiture and may be forfeited:

    a. all funds in E*Bay account number 2025478252, containing approximately $65,162.44 in United States currency, fraudulently obtained from income tax refunds;

    b. all electronic devices and related materials seized; and

    c. all cellular telephones seized.

14. The defendant also agrees to assist this Office in all proceedings, whether administrative or judicial, involving the forfeiture to the United States of all rights, title, and

interest, regardless of their nature or form, in all assets, including real and personal property, cash and other monetary instruments, wherever located, which the defendant or others to the defendant's knowledge have accumulated as a result of illegal activities. Such assistance will involve the defendant's agreement to the entry of an order enjoining the transfer or encumbrance of assets that may be identified as being subject to forfeiture. Additionally, defendant agrees to identify as being subject to forfeiture all such assets, and to assist in the transfer of such property to the United States by delivery to this Office upon this Office's request, all necessary and appropriate documentation with respect to said assets, including consents to forfeiture, quit claim deeds and any and all other documents necessary to deliver good and marketable title to said property.

15.     The defendant knowingly and voluntarily agrees to waive any claim or defense he may have under the Eighth Amendment to the United States Constitution, including any claim of excessive fine or penalty with respect to forfeited property. In addition, the defendant agrees to waive any applicable time limits for the initiation of administrative forfeiture and/or further notification of any judicial or administrative forfeiture proceedings brought against forfeited property. The defendant also agrees to waive any appeal of the forfeiture.

16. This is the entire agreement and understanding between this Office and the defendant. There are no other agreements, promises, representations, or understandings.

Date: 6/20/13

WIFREDO A. FERRER
UNITED STATES ATTORNEY

By: _____
FRANCISCO R. MADERAL
ASSISTANT UNITED STATES ATTORNEY

Date: 6/20/13

By: _____
MIGUEL CARIDAD
ATTORNEY FOR DEFENDANT

Date: 6/20/13

By: _____
WESLY COMPERE

8